Good morning, your honors. I'm Allison Mendel for the defendant Willis Maxon. In reviewing the briefs for this argument this morning, I come to the conclusion that we don't really have a disagreement about the applicable law. It's how these facts interact with the applicable law. The indictment, no one disputes that the indictment was incorrect, that it stated the wrong section of the penalty statute. There was a motion to dismiss the indictment by the defendant. The defendant said that there were no facts showing an illegal taking. 3373D, D1B, the section cited in the indictment requires an illegal taking. Yes, there was no mention at that time of the defendant's right that the section was wrong. Well, there was no reason that the defendant should have known that the section was wrong. That would be a yes or a no answer, I think. I'm sorry, I thought you were making a statement. No, the defendant did not say the section is wrong. So where does that leave us for review? Well, I think that when the defendant argued that there was no illegal taking alleged and then, therefore, the indictment should be dismissed, what the government should have said is, oh, you're right, we cited the wrong section of the statute. Okay, I understand that, but my question is what is our standard of review? I think that the standard is de novo because the issue of the sufficiency of the indictment was clearly raised by the defense in a timely manner. But the particular issue you raised for us now was not raised, was not objected to, was not called to the attention of the district judge. Why wouldn't our review be plain error? I think that that puts the burden where it should not be because when the defendant moved to dismiss the indictment, the government apparently, in its opposition to the motion to dismiss, the government cites the correct section of the statute, but does not point out to the court, to the defendant, that that's not what was in the indictment and that the two are different. Yes, I don't see how that distinguishes our cases when the defendant doesn't bring up the issue that the review that we have at this level is plain error. What case do you rely on? Once again, Your Honor, I don't think it's a case. I think it's the facts. I think that the – No, no, it's a case to me because I have to decide our standard of review. And you say it's plain error. Our cases seem to indicate that it's de novo. Our cases seem to indicate it's plain error. All I want was a case so I know what I'm reviewing. I'm sorry, Your Honor. And I understand that there needs to be authority for the proposition, but I think the authority for the proposition is that the defendant challenged the indictment in advance. Cases – Velasco, Medina, James, other cases cited in Velasco, Medina, one of the things those cases say is that an indictment can be sufficient by citing a statute, which then alerts the defendant to the elements of the offense for which he's charged. In this case, the statute was cited. The statute had elements which did not exist in the factual allegations in which the defendant apparently had not committed. And so the defendant challenges the indictment as being inadequate. So, you're – the government explicitly acknowledged the error before trial in its trial brief. Yes. And you submitted proposed jury instructions that cited the correct penalty provision. So, I don't understand how you can be arguing that your client was not on notice of the charges against him. The notice was late is the problem, Your Honor. By the time the trial brief was submitted, the defendant then figured out what the allegation was and was then able to go to trial on what the government argued in its trial brief. But that was the very first time that the government acknowledged. So, then how is your client – I mean, so you were first arguing whether you have a heightened standard of review or a lesser standard of review. Correct. And I'm going to ask this question under even the lesser standard. How can you argue that your client was prejudiced? Because he only had a week to prepare for trial on the correct statute. Can I ask a question about that? I don't mean to interrupt, but you said that you didn't get notice until a week ahead of time. Correct. You challenged the indictment earlier. Yes. You brought up motion to dismiss. And in response to the motion to dismiss, my understanding at that point, at that juncture, when you brought the motion, your client had been subject to an investigation for a year and the question was illegal taking. Correct. All right, and the penalty provision lines up with illegal taking. Correct. And, of course, the indictment really just talked about mislabeling. Yes. Okay, so that's the discrepancy. Yes. But at the time you brought the motion to dismiss, the government came back and described the conduct, right, and got the penalty provision right at that point. And in particular, I noticed in the record there was a request by counsel, I think jointly, for a continuance to brief or to look into this novel taking issue, to try to figure out whether a taking was required. So when I read that part of the record, it seemed to me that you all got straightened out at that point, at the motion to dismiss point, and understood that the government wasn't arguing taking. So why am I misreading that? I think if you read the briefs, that's not what comes out of them, because the defense brief to dismiss the indictment clearly is focused on the illegal takings. The whole brief is about illegal takings. The government responds and says, no, no, you don't always have to have an illegal taking. And nowhere in the government brief does it ever acknowledge that the statute in the indictment is wrong. It cites the correct statute in the brief and never brings to the court's attention or the defense attention that there's a discrepancy there. Okay, but at that point, wasn't it clear to you they weren't going to argue an illegal taking? They said, no, no, we don't have to show illegal taking. Is that right? You know, I don't know. They said it's not necessary to show an illegal taking, but they made no effort to correct the indictment to make it clear that no illegal taking had been charged. And under the case law, if they had then come to trial with evidence of illegal takings, the response to that would have been, well, it's in the indictment. It says illegal taking in the indictment, so you should have known. Well, this really – it's just I'm dovetailing, and I actually didn't – because I'm having the same problem Judge Wardlaw is having about prejudice, and I just want to make sure you have every opportunity to respond. But that's my problem. It looks like the government put you on notice they weren't going to argue taking. But one of the prejudice measures on improper indictments is that the defendant has a chance to decide whether to plead guilty in a timely manner. And at the point at which the indictment, the motion to dismiss, was made, neither the court nor the government acknowledged or did anything to correct the indictment. So at that point, the defendant didn't then know what exactly the government was going to go to trial on. And the fact that they found out immediately before trial didn't give him an opportunity to assess his actual legal status and what his exposure was. At that point, was a motion made to the court outlining the problem and asking for a continuance? No, Your Honor. Was that available to him? It probably was, but I think in terms of preserving the issue for review, the fact that he made the motion to dismiss and said that the conduct didn't fit the statute should have been more than enough to preserve it for appeal. I mean, there frequently are opportunities to make the same argument repeatedly, which, of course, you run the risk of annoying the trial judge. But he clearly made it in a timely manner, and the response was partial and inadequate. I think it's really important also to note that even the government's verdict forms continued to be wrong. The government had many, many opportunities to straighten this out, to say what it was trying to do, to fix what it had done, and never successfully actually corrected the record, corrected the verdict forms, asked to correct the indictment. The remedy here was on the government. It wasn't on the defendant to say you need to fix it. It was on the defendant to raise the issue to the judge. But the defendant did. Your Honor, I think the argument that you're articulating is that at the motion to dismiss, the defendant should have guessed that what the government wanted to do was cite a different statute. Wasn't it the penalty statute that was cited? Yes, but the penalty statute... But that's why the Velasco Medina case is important, because this Court's law says that if the elements are contained in the statute that's cited by the government, that's enough notice. And there are more elements in the statute that was cited than in what they really intended to try him on, and only the government knew that. The defendant can't have been charged with knowing exactly what the government intended to try him on. That was the government's job, and the government did not do that. I think I'm out of time. All right, Counsel. Thank you. Good morning, Your Honor. My name is Kevin Feldes, and I represent the United States in this matter. This case is a false labeling case. It was a false labeling case under the Lacey Act from the time it was indicted, and the factual allegations in this case state that charge. Am I right that I guess in reading everything in this case, from the time of indictment it was false labeling, but wasn't he being investigated for suspicion of unlawful taking because he was selling the one kind of salmon, and you assumed that he was taking that salmon and literally selling it in violation of the law, but it turned out he had an inferior salmon and he was labeling it as the superior salmon, and that's what he was doing. So sort of the course of the investigation took a little turn in this. Yes, it is partially true. It was initiated partly out of a concern that there were subsistence-caught fish being sold then commercially, and being sold as what they were. If there were caned salmon caught as subsistence and being sold as caned salmon, then that would have been illegal. So that's sort of the genesis of the investigation, but it quickly turned to what it became, which was the false labeling case. And so by the time it was charged, it was clear, and it's labeled in the indictment as false labeling under the Lacey Act. All the elements of the offense are contained in the factual allegations. But the penalty provision doesn't line up. Correct. Why didn't the government, why wasn't it just candid in response to the motion to dismiss and inform the court that it had made a mistake? And that's what should have been done. The error should have been corrected. And I don't think it's a question of not being candid. There was no intention on the AUSA's part to try to deceive anybody about this. But the mistake did persist. Counsel's right about that, right? 100% correct. How many times? Multiple times. In fact, it was carried through up until the judgment contains the wrong penalty citation. So there's no question that there's an error in the penalty provision citation in this case. So why isn't that a problem for opposing counsel, given that the investigation was really an illegal taking investigation in both statutes? You know, the correct conduct, but the incorrect penalty provision appeared. Why isn't that? Why is she wrong about that? Well, because what the law says and what the law has interpreted the Constitution to require is that the factual allegations in the indictment must state all the elements of the offense. And that was done here. You know, unfortunately, we know that errors are made in citations. And the federal rules recognize that, and Rule 7C specifically discusses that, that errors in citations are made, it's the factual allegations that control. And what we look at, of course, as Rule 7 says, is was the defendant misled? Was there some prejudice here? And in this case, it's clear that the defendant was not misled. And when my opposing counsel was talking, it was discussed about how the citation error was notified in the motions practice and in the trial brief. But the opening statement that Mr. Kirtner made lists the elements of the offense exactly under false labeling, completely correct, the elements of the offense. I think her point is that had that been clear earlier, perhaps there would have been a plea deal or their strategy would have been different, and that he was prejudiced by learning at such a late date, you're talking about opening argument after having prepared the case, giving them the benefit of the doubt, being misled by your citation of the wrong statute. Well, there's no evidence that they were misled at all. I referenced the opening statement to confirm what they knew at trial. But the motions practice was conducted back in July of 2011. The trial was in January, so we had, you know, five or six months of time between the motions practice when it was clear that the government cited the correct penalty provision and the correct elements of the offense before trial. So there's no evidence that the defendant went into this case or prepared for trial under the wrong theory. There's nothing in the record. In fact, I think that's just not accurate. Where did the government cite the correct penalty provision before trial, other than in the motion to opposition to the motion? In the motion to opposition and in the trial brief. Those are the two areas. And as I said, when Mr. And can I just, forgive me, but where was it miscited? It was miscited in the indictment itself. And? And then it was miscited in the ultimate judgment. And anywhere else? I think the PSR may have miscited the penalty provision. Yes. But all along, we have the correct 3372 false labeling charge is cited. It's the penalty provision under 3373. That is incorrect. This is a jury case? This was a jury case, and the jury instruction was correct. And the jury instructions were not erroneous, as I understand. That is correct. They were accurate. And did the defendant submit jury instructions? The defendant submitted a jury instruction with the accurate elements of the offense. And then the judge had a jury instruction that the judge wanted to give. And both parties agreed to that. That's correct. So the actual issue as presented to the jury under the jury instructions was accurate. Absolutely. We just have this hanging on miscitement that no one caught. Correct. And that is a mistake. But the question is, what do we do about it now? And I think the law guides us in that and helps us reach the conclusion that there was no error. Well, we've got a case that says that the statutory citation is not regarded as part of the indictment. Correct. Was that argued at all to the court? The district court? Yes. This issue was not raised to the district court. And that's, of course, an important consideration here because there was no reason for Mr. Kirtner to raise this. It wasn't going to accomplish anything. He knew what he was defending against well in advance of trial. And that's exactly what he argued, the correct elements in opening statement, through cross-examination, and through closing statement. And we cite that in the excerpts of records where he talks about this is a false labeling case. And he defended it on knowledge. He didn't defend it or seek to argue, or there was no confusion about the elements or the crime charged. So under this scenario, nobody was misled. We have no prejudice, and the case should be affirmed under the plain error review as the court pointed out. Can I just ask, how did this confusion persist all the way through to the judgment? Well, that's a good question. The only thing that we can surmise is when this document was put together, a penalty provision citation from another case was continued over from a different type of Lisiak case. There was no ill intent, obviously, in doing this, and there was nothing to be gained by the government. And we wouldn't be here today if this mistake hadn't been made, and that's, of course, on the government. The question is, what do we do now? And the United States' position is that the rules clearly dictate and guide this kind of issue. It's recognized that patient's errors can occur. Rule 7 discusses what we do. Case law discusses what we do. So we would respectfully ask Your Honors to affirm the case. Thank you. Thank you, counsel. United States v. Jackson is submitted.
judges: WALLACE, WARDLAW, CHRISTEN